IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

KEITH EDMONDS,                         *

     Plaintiff                        *

vs.                                    *
                                       CASE NO. 4:07-CV-156 (CDL)
DEPARTMENT OF THE AIR FORCE;           *
DAVID K. GERBER, Colonel;
WM. BRUCE DANSKINE, Lieutenant         *
Colonel; JERRY A. HUFFMAN,
Major; WESLEY L. TURNER, Major;        *
DAVID L. STEVENS, Captain;
JOVAN P. ARCHULETA, Captain,           *

     Defendants                       *

O R D E R

Defendants have moved to substitute the United States as the proper Defendant regarding Plaintiff's tort claims (Doc. 5) and have also moved to dismiss Plaintiff's entire Complaint. The Court notified Plaintiff, who is proceeding pro se, of his right to file a response to Defendants' Motion to Dismiss (Doc. 6) and the consequences of not doing so. Plaintiff has filed no response. For the following reasons, Defendants' Motion to Substitute (Doc. 5) and Motion to Dismiss (Doc. 6) are granted.

## Motion to Substitute

It is undisputed that the individual Defendants were federal employees acting within the scope of their employment at the time of the alleged tortious conduct. Plaintiff's exclusive remedy for personal injury arising from an alleged tort committed by an employee

of the federal government is an action against the United States pursuant to the Federal Tort Claims Act. 28 U.S.C. § 2679(b). Therefore, the United States must be substituted as the sole Defendant with respect to Plaintiff's tort claims. 28 U.S.C. § 2679(d). Accordingly, Defendants' Motion to Substitute is granted. The United States is substituted as the Defendant regarding Plaintiff's tort claims, and those claims are dismissed as to the individual Defendants.

## Motion to Dismiss

The United States seeks dismissal of Plaintiff's tort claims, contending that Plaintiff has failed to comply with the requirements of the Federal Tort Claims Act. The present record establishes that Plaintiff has never submitted a timely administrative claim. Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's tort claims, and those claims are dismissed. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

As to Plaintiff's remaining *Biven* claims against the individual Defendants, Defendants seek dismissal of these claims based upon Plaintiff's failure to serve his Complaint upon them. Plaintiff has produced no evidence that service has been accomplished. Since more than 120 days has elapsed since the filing of Plaintiff's Complaint and service has not yet been accomplished, Plaintiff's remaining *Bivens* claims against the individual Defendants must be dismissed without prejudice for lack of service. Fed. R. Civ. P. 4(m).

CONCLUSION

Defendants' Motion to Substitute (Doc. 5) and Motion to Dismiss (Doc. 6) are granted.

IT IS SO ORDERED, this 16th day of June, 2008.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE